**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. R., a minor by and through his parents Charles Reese and Helen Reese; CHARLES REESE; HELEN REESE, on their own behalf,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>SANTA MONICA MALIBU SCHOOL DISTRICT,<br><br>        Defendant - Appellee. | No. 13-56585<br><br>D.C. No. 2:12-cv-04812-ODW-SH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted November 6, 2015[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

A.R. ("the Student") brings this action to reverse the district court's affirmance of an ALJ decision that held that the Santa Monica-Malibu Unified School District ("the School District") offered him a free appropriate public education. The Student is five years old and has a diagnosis of autism. The School District assessed the Student over two months in order to craft an individualized education plan ("IEP") for the Student. The School District held IEP meetings in November 2010, December 2010, March 2011, April 2011, and July 2011 to discuss the Student's placement options and assess the Student's progress. Because the ALJ and the district court correctly decided that the School District provided a free appropriate public education, both substantively and procedurally, we affirm.

This court reviews de novo the appropriateness of a special education placement. *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1314 (9th Cir. 1987). The district court's findings of fact, even though based on the administrative record, are reviewed for clear error. *Id.* at 1310. Like the district court, this court gives "due weight" to ALJ special education decisions. *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440–41 (9th Cir. 2010). We afford the ALJ's detailed and thorough findings particular deference in our de novo review.

The School District must offer the Student a placement that is tailored to the Student's unique needs. *See Gregory K.*, 811 F.2d at 1314. Additionally, the placement must be in the least restrictive environment—in other words, the Student must be placed with non-disabled peers "to the maximum extent appropriate." 34 C.F.R. § 300.114; 20 U.S.C. § 1412(a)(5)(A). This court weighs four factors to determine whether a placement is in the least restrictive environment: (1) the educational benefits to the student if placed in general education; (2) the non-academic benefits to the student if placed in general education; (3) the effect on the teacher and classmates if the student is placed in general education; and (4) costs. *Sacramento City Uni. Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1400–02 (9th Cir. 1994).[1] The School District found that the Student would not benefit from a general education placement, due to the severe symptoms of his autism. The School District provided several placement options tailored to the Student's needs, including programs with non-disabled peers. As such, the School District satisfied the substantive requirements of a free appropriate education under the Individuals with Disabilities Education Act.

---

[1] The parties did not discuss costs, so the ALJ's analysis and the reviewing court's analysis need not address factor four.

The School District must also follow the procedural requirements in its placement offer. *See* 20 U.S.C. § 1415(f)(3)(E)(ii). Contrary to the Student's arguments, the School District satisfied the procedural requirements of a free appropriate public education. Specifically, the School District: (1) provided a continuum of placement options, 34 C.F.R. § 300.115; (2) allowed the Student's parents a meaningful opportunity to participate in the Student's IEP, 20 U.S.C. § 1415(b)(1); and (3) did not predetermine the Student's placement, *W.G. v. Bd. of Trs. of Target Range Sch. Dist. No. 23*, 960 F.2d 1479, 1484 (9th Cir. 1992), *superseded in part by statute on other grounds by* Individuals with Disabilities Education Act Amendments of 1997, Pub. L. 105–17, § 614(d)(1)(B), 111 Stat. 37.

Although the School District provided a free appropriate public education, both substantively and procedurally, the Student's parents unilaterally placed the Student in private school. After the Student's unilateral placement, the School District was not required to provide previously consented-to services. 34 C.F.R. § 300.137; Cal. Ed. Code § 56174. The Student's parents are also not entitled to reimbursement for the Student's private education. 34 C.F.R. § 300.148(a), (c).

**AFFIRMED.**

4